# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-892V
Filed: November 28, 2016
[Not to be published]

```
*  *  *  *  *  *  *  *  *  *  *  *  *
KATHLEEN KUNKA,                        *
                                       *          Special Master Gowen
               Petitioners,            *
       v.                              *
                                       *
                                       *          Dismissal; Influenza ("Flu")
                                       *          Vaccine; Peripheral Neuropathy
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
               Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Howard D. Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for petitioners.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On July 27, 2016, Kathleen Kunka ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of receiving a flu vaccine on September 28, 2013, she suffered peripheral neuropathy.  Petition at ¶¶ 2-3.  The information in the record, however, does not show entitlement to an award under the Program. On November 28, 2016, petitioner moved for a dismissal decision.  Motion for a Decision, filed Nov. 28, 2016.  Respondent does not oppose petitioner's motion.

To receive compensation under the Program, petitioner must establish that she suffered the residual effects or complications of her vaccine injury for more than six months after the administration of the vaccine.  42 U.S.C. 300aa-11(c)(1)(B)(i)(III).  The record does not establish that petitioner has experienced residual effects of her alleged vaccine injury for six months.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

In addition, to receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury." The record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the flu vaccine. Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate that she experienced residual effects of her alleged vaccine injury for six months, nor that she suffered a "Table Injury" or that the injuries were "actually caused" by the flu vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/ Thomas L. Gowen**
Thomas L. Gowen
Special Master